HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE SUNDIN, individually,<br><br>              Plaintiff,<br><br>   v.<br><br>UNITED AIRLINES, INC., a Delaware Corporation, conducting business in the State of Washington; KENNETH A. IROM, a resident of the State of California,<br><br>              Defendants. | CASE NO. C13-5692RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE |

      Plaintiff, Julie Sundin, was injured during the boarding process of a United Airlines plane in Denver, Colorado. While attempting to load his luggage into the overhead bin, Defendant Kenneth A. Irom dropped his bag onto Ms. Sundin's head. Ms. Sundin filed complaints in Colorado State Court and in the United States District Court in Western Washington. Her claims in both suits sound in negligence against Irom and United Airlines. Mr. Irom is a resident of California. United is a Delaware corporation doing business throughout the country.

      Pursuant to 28 U.S.C. § 1391, if any one defendant is not a resident of the state in which the District sits, venue is only proper in a judicial district in which a substantial part of the events

or omissions giving rise to a claim occurred. The statute provides, in part, that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (2011).

As stated, venue is only proper in a district in which any defendant resides if all defendants are residents of the state in which the district is located. 28 U.S.C. § 1391(b)(1). Accordingly, California would be a proper venue for this action because United Airlines is domiciled in any judicial district in which it is subject to the Court's personal jurisdiction and Mr. Irom is likewise a California resident.

If defendants reside in different states, venue is proper in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). Because the events giving rise to the claims occurred at the airport in Denver, Colorado, venue is proper in Colorado.

Plaintiff puts a clever twist on the "substantial part" qualifier in § 1391(b)(2) by arguing that she purchased her ticket while in Washington and her status as a passenger gives rise to the heightened duties of a common carrier. However, the duty only arises whenever and wherever

Ms. Sundin begins her trip with United Airlines. The duty was breached by failing to properly supervise the boarding process, and by negligently permitting an infirmed/frail and/or impaired passenger, Mr. Irom, to attempt to load heavy luggage into the overhead compartment right above Ms. Sundin. All of the elements of the claim occurred in Colorado.

Because venue is proper in Colorado or theoretically, California, the Court need not apply 28 U.S.C. § 1391(b)(3). Only "if there is no district in which an action may otherwise be provided in this section" is "any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to such action" a proper venue. 28 U.S.C. § 1391(b)(3). Section 1391(b)(1) applies to the facts in this case. California is a proper venue. Section 1391(b)(2) also applies to the facts in this case. Colorado is a proper venue. Under any applicable subpart of § 1391, Washington is not a proper venue for both United Airlines and Kenneth A. Irom.

This motion to dismiss pursuant to Rule 12(b)(3) is brought in the name of both defendants. Mr. Irom is not subject to the Court's in personam jurisdiction and his motion [Dkt. #12] is **GRANTED**. As for United Airlines, which does reside in Washington, it can object to venue in its own name because of the nonresident status of a co-defendant. See, e.g., *Dyco Petroleum Corp. v. Mesa Operating Co.*, 935 F. Supp. 1193, 1195 n.1 (N.D. Okla. 1996). United Airline's motion [Dkt. #10] is also **GRANTED**.

Dated this 20th day of November, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE